**BAILEY PVS OXIDE, LLC,
et al., Plaintiff**

v.

**PLAS–TANKS INDUSTRIES,
INC., Defendant**

**No. 3:02CV7363.**

United States District Court,
N.D. Ohio,
Western Division.

Aug. 20, 2004.

Francis J. Landry, Wasserman, Bryan, Landry & Honold, Toledo, OH, Peter A.T. Sartin, Pasadena, CA, for Bailey PVS Oxide (Delta) LLC, Fulcrum Insurance Company, Plaintiffs.

David A. Eberly, Eberly McMahon Hochscheid, Jennifer L. Kirkpatrick, Freund, Freeze & Arnold, Michelle D. Nobbe, Freund, Freeze & Arnold, Cincinnati, OH, Timothy C James, Ritter, Robinson, McCready & James, Wendy C. Johnson, Ritter, Robinson, McCready & James, Toledo, OH, for Kemper Indemnity Insurance Company, Monroe Guaranty Insurance Company, Plaintiff/Intervenors.

Byron S. Choka, Spengler Nathanson, Toledo, OH, Harry W. Cappel, Graydon, Head & Ritchey, Mary M. Fleming, Barrett & Weber, Michael Roberts, Graydon Head & Ritchey, Stephanie K. Bowman, Barrett & Weber, Cincinnati, OH, for Plas–Tank Industries, Inc., Defendant.

ORDER

CARR, District Judge.

This is a diversity insurance subrogation suit that arises from the collapse of a fiberglass tank containing acid. The collapse occurred at a facility operated by the plaintiff Bailey PVS Oxide (Bailey) in Delta, Ohio. The defendant is the tank's manufacturer, Plas–Tanks Industries (Plas–Tank). Pending are cross-motions for summary judgment. For the reasons that follow, the motions shall be denied.

Bailey purchased the tank from Andritz–Ruthner, Inc., which is not a party to this suit. In addition to selling the tank to Bailey, Andrtiz–Ruthner installed it at Bailey's facility.

In August, 2000, a Bailey employee noticed that the tank was leaking. The tank remained in service while Andritz–Ruthner and Plas–Tanks disputed responsibility for repairing the tank. On October 12, 2000, a Plas–Tank employee repaired the tank.

Sometime in the evening of October 17, 2000, the tank began to leak again. There are factual disputes with regard to the location of the leak—whether it was a new leak or the old leak—and the intensity of the leak. Plas–Tanks contends that the leak had become a two-inch tear during the night of October 17/18; Bailey asserts that the leak did not appear to be significant until shortly before the tank collapsed around noon on the 18th.

Bailey contends that the collapse was due to damage to the tank's integrity resulting from it having been repaired improperly by the Plas–Tank repairman on October 12th. Plas–Tanks contends that there was nothing wrong with the repair, and that the tank collapsed when, despite the allegedly clearly visible intensity of the leak, Bailey's operators continued filling the tank. Bailey contends, in partial response to this contention, that its operators began draining the tank once they realized the possible severity of the leak.

Bailey has submitted an expert's report that attributes the collapse to improper repair of the original leak. Plas–Tanks submitted an expert's opinion that the collapse was due to compromise of the tank's structural integrity caused by a vacuum which, in turn, resulted from improper operation of the facility by Bailey employees.[1]

Bailey seeks to recover on the basis of breach of an implied contract, breach of implied warranty, and negligent repair. Plas–Tanks defends, *inter alia*, on assumption of the risk and a failure to mitigate damages. According to Plas–Tanks, Bailey's operators assumed the risk of collapse when they continued to fill the tank despite the significant nature of the leak.

Bailey, in turn, contends that a new leak could not have expanded in the short period between its first observation during the evening of October 17th and the collapse around twelve, or somewhat more than twelve hours later. According to Bailey, continued use (i.e., filling and draining) of tanks exhibiting small leaks is commonplace in the industry. Bailey points out that the tank at issue in this case was used without incident for about two months while Plas–Tanks and Andritz–Ruthner were squabbling over who would repair the original leak.

Alternatively, Bailey contends that if the leak observed on October 17th was the old leak, it had no reason to know that the repair had been defective and would lead to the tank's collapse. Thus, Bailey argues that whether the leak was new or old did not matter—in either event, it had no reason to believe that it would worsen suddenly and cause or contribute to the tank's collapse.

There are simply too many contested facts to grant either of the cross-motions for summary judgment. The location of the leak that preceded the collapse is in dispute; if the leak was a new leak, its dimensions immediately preceding the collapse are in dispute. If the leak was the old leak, there is disagreement about the alleged defectiveness of its repair and whether, in any event, any defect caused or contributed to the collapse. These facts cannot be adjudicated on summary judgment, and without their adjudication, liability cannot be determined.

In light of the foregoing, it is

ORDERED THAT the motion of the defendant Plas–Tanks for summary judgment and the cross-motion of the plaintiff

---

1. In a prior order, I held that there was an insufficient factual basis for the expert's opinion that the collapse had been caused by a vacuum. Leave was given to take further discovery on that issue. The parties have filed cross-motions to strike the anticipated testimony of each side's experts. For purposes of this opinion, I assume, without presently deciding, that the expert retained by Bailey whose opinions have not previously been challenged, will be permitted to testify, and that the expert retained by Plas–Tanks will not be permitted to testify.

Plas–Tanks has moved to strike the affidavits of two former managerial employees, who assert, in essence, that operations were being conducted properly prior to the collapse, and that there was no reason to believe the tank was about to collapse. The objection to these opinions, which I find to be based adequately on the employees' experience, are overruled.

Bailey PVS Oxide be, and they hereby are, overruled.

So ordered.